RECEIVED
MAR 2 8 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LEONARD LEWIS | CIVIL ACTION NO. 08-1151 |
| -vs- | JUDGE DRELL |
| ALFONSO PACHECO, et al. | MAGISTRATE JUDGE KIRK |

## REASONS FOR JUDGMENT

Before the Court for decision after trial on the merits is a civil rights action brought by the plaintiff, Leonard Lewis. A two-day bench trial in this matter was held on July 22 and 25, 2011. After carefully reviewing the evidence on the record and presented at trial, the Court's findings are as follows.

I.  Background

This civil rights suit was filed on August 5, 2008. In his Complaint, Mr. Lewis named the following defendants: Dr. Alfonso Pacheco, a physician at Winn Correctional Center ("WCC") in Winnfield, Louisiana; WCC Warden Tim Wilkinson; WCC healthcare administrator Ms. Pat Thomas; and Corrections Corporation of America ("CCA") as the agency providing contract services at WCC. (Doc. 1). Mr. Lewis claimed he was being denied adequate medical treatment in violation of his constitutional rights and 42 U.S.C. § 1983.

The record reflects Mr. Lewis was diagnosed with Hepatitis B in 2003 by Dr. Reinhold Munker at LSU Hospital in Shreveport, Louisiana.[1] Dr. Munker prescribed the medication Hepsera to treat Mr. Lewis' Hepatitis B infection. Mr. Lewis continued to receive Hepsera when he was incarcerated at WCC beginning in April 2004, but Dr. Pacheco discontinued the medication on September 14, 2007. At trial, Mr. Lewis testified he lost weight[2] and his physical condition deteriorated after the Hepsera was discontinued. Mr. Lewis stated he submitted three administrative requests in October and November 2007 concerning his need for medication, and he spoke with his grandmother about his health. Mr. Lewis' grandmother testified she spoke with Warden Wilkinson about Mr. Lewis' need for Hepsera, however, Warden Wilkinson did not recall any such conversation. Medical records reflect Hepsera was re-ordered for Mr. Lewis on or about January 4, 2008. There was no indication of discontinued medication or complaints by Mr. Lewis after the Hepsera was reordered in January of 2008. Mr. Lewis filed his complaint on August 5, 2008 and the case proceeded to trial on July 22 and 25, 2011. Following the trial, the parties were allowed to present memoranda addressing the legal standard of deliberate indifference applicable to the facts. Plaintiff did not file a post-trial memorandum, and Defendants filed their post-trial memorandum on September 21, 2011. (Doc. 48).

---

[1] Mr. Lewis had also been diagnosed with Hodgkin's lymphoma prior to his arrival at WCC. His lymphoma was treated with chemotherapy and a stem cell transplant while he was incarcerated in March 2005, and Mr. Lewis did not assert any complaints connected to this treatment.

[2] Despite Mr. Lewis' testimony, medical records from Dr. Munker's office revealed he gained two pounds between September 24, 2007 and December 17, 2007.

II.  <u>Legal Standards</u>

   A.   Section 1983

   This lawsuit was brought under 42 U.S.C. § 1983, which provides as follows:

   > Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To state a viable claim under 42 U.S.C. § 1983, "'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" <u>James v. Tex. Collin County</u>, 535 F.3d 365, 373 (5th Cir. 2008) (quoting <u>Moore v. Willis Indep. Sch. Dist.</u>, 233 F.3d 871, 874 (5th Cir. 2000)). Because § 1983 contemplates violations of both constitutional and statutory mandates, "'a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*.'" <u>Equal Access for El Paso, Inc. v. Hawkins</u>, 509 F.3d 697, 702 (5th Cir. 2007) (quoting <u>Blessing v. Freestone</u>, 520 U.S. 329, 340 (1997) (emphasis in original)).

   B.   <u>Deliberate Indifference to Medical Needs</u>

   To state a claim for unconstitutional denial of medical treatment, a convicted prisoner must show the medical care was denied or delayed and the denial or delay constituted deliberate indifference to his serious medical needs. <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir.1991). A prison official acts with deliberate indifference

"only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). A "plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a *wanton disregard* for any serious medical needs." Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 755 (5th Cir.2001) (internal quotation marks and citations omitted) (emphasis added). Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Deliberate indifference requires subjective intent and "encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Id. at 291.

III. Discussion

Based on the evidence in the record and testimony presented at trial, we find Mr. Lewis failed to prove the defendants were deliberately indifferent to his medical needs by discontinuing Hespera from September 14, 2007 to January 4, 2008.

Dr. Pacheco stated he ordered Hespera be discontinued for Mr. Lewis due to the toxicity of the drug and possible harmful side effects from being on the medication for over a year. The research available to Dr. Pacheco at the time confirmed the protocol was to discontinue Hepsera for a patient who had been on the medication for over a year.[3] The reasonableness of Dr. Pacheco's action is supported by records showing Dr. Munker had also discontinued Hepsera for Mr. Lewis in July

---

[3] At trial, Dr. Pacheco stated current research (as of July 2011) reflected Hepsera was found to be safe for continual use beyond one year.

4

of 2005 and later in October of 2008. Although Mr. Lewis disagreed with Dr. Pacheco's decision to discontinue the Hepsera, there was no evidence Dr. Pacheco acted to deliberately harm Mr. Lewis or exhibited wanton disregard for his medical needs.

Mr. Lewis argued Dr. Pacheco failed to follow instructions from Dr. Munker on September 24, 2007 to reorder Hepsera. However, Ms. Thomas testified recommendations from "outside" doctors (i.e., doctors outside WCC) are not required to be followed by WCC treating physicians. Dr. Pacheco was in a position to exercise his medical judgment about Mr. Lewis' needs in this instance. Further, testimony from Ms. Thomas and Warden Wilkinson established Mr. Lewis' three administrative complaints filed on October 18, 2007, October 23, 2007, and November 7, 2007, respectively, were properly addressed according to WCC policy. Specifically, WCC nurses responded to Mr. Lewis' requests for information regarding why he was no longer receiving Hepsera. Mr. Lewis offered no evidence that either Ms. Thomas or Warden Wilkinson in their supervisory capacities acted with wanton disregard for Mr. Lewis' medical needs. Finally, Dr. Pacheco re-ordered Hepsera on January 4, 2008. Mr. Lewis did not receive Hepsera for approximately three and a half months, and no medical evidence was introduced that he suffered any serious medical consequences or sustained any damages as a result.

In summary, solely as applied to this case, Dr. Pacheco presented a reasonable medical determination, supported by both research and the actions of Dr. Munker, for discontinuing Hepsera for Mr. Lewis for a short period of time. No evidence either in

the record or revealed at trial suggests Dr. Pacheco or the other defendants possessed the intent to harm Mr. Lewis or exhibited a wanton disregard for his needs. We find Defendants' conduct did not rise to the level of deliberate indifference on these facts, as required by law to find Defendants liable under 42 U.S.C. § 1983. An appropriate judgment in accord with these reasons will be signed.

SIGNED on this 28 day of March, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE